[51 NYS3d 746]

In the Matter of CHRISTOPHER A. JOHNSON, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, March 24, 2017

## APPEARANCES OF COUNSEL

*Margaret C. Callanan, Principal Counsel, Eighth Judicial District Grievance Committee,* Buffalo, for petitioner.

*Christopher A. Johnson,* respondent pro se, no appearance.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on January 10, 2005, and his office address on file with the Office of Court Administration is located in Buffalo. In December 2016, the Grievance Committee filed a petition containing three charges of misconduct against respondent, including engaging in conduct that adversely reflects on his fitness as a lawyer, failing to comply with attorney registration requirements, and failing to cooperate in the investigation of the Grievance Committee. Although respondent was personally served with the petition on November 17, 2016, he thereafter failed to file an answer thereto or to request from this Court more time to do so. The Grievance Committee subsequently moved this Court for an order, pursuant to 22 NYCRR 1020.8 (c), finding respondent in default, deeming admitted the material allegations of the petition, and imposing discipline upon respondent. Although respondent was personally served with the motion on January 26, 2017, and his personal appearance was required on the return date thereof pursuant to section 1020.8 (c), he failed to file a response to the motion or to appear on the return date. Consequently, we grant the motion of the Grievance Committee, find respondent in default, and deem admitted the charges of misconduct.

Respondent admits that, from November 2015 through June 2016, he sent to an adversary in litigation certain emails containing vulgar and profane insults directed to the adversary. In addition, he failed to register as an attorney for the 2015-2016 biennial registration period. Finally, respondent admits that, from February through June 2016, he failed to respond to inquiries from the Grievance Committee regarding the aforementioned matters and, in July 2016, he failed to comply with a subpoena issued by this Court.

We conclude that respondent has violated the following Rules of Professional Conduct (22 NYCRR 1200.0):

rule 8.4 (d)—engaging in conduct that is prejudicial to the administration of justice; and

rule 8.4 (h)—engaging in conduct that adversely reflects on his fitness as a lawyer.

We additionally conclude that respondent has violated Judiciary Law § 468-a and 22 NYCRR 118.1 by failing to comply with attorney registration requirements.

Although the Grievance Committee alleges that respondent violated certain other disciplinary rules, we decline to sustain those alleged rule violations inasmuch as they are not supported by the record.

We have considered, in determining an appropriate sanction, the nature of the misconduct and that respondent has failed to participate in the instant proceeding, thereby evidencing a disregard for his fate as an attorney (*see Matter of Tate*, 147 AD3d 35, 37 [2016]). Accordingly, we conclude that respondent should be suspended from the practice of law for a period of three years and until further order of this Court. In addition, in the event that respondent applies to this Court for reinstatement to the practice of law, he must in the application sufficiently explain the circumstances of his default herein.

SMITH, J.P., CARNI, DEJOSEPH, NEMOYER and TROUTMAN, JJ., concur.

Order of suspension entered.